Shaokeleord, J.,
delivered the opinion of the Court.
The complainants filed their bill in the Chancery Court at Greeneville against the defendant, alleging that he was indebted to David Patterson in the sum of five hundred dollars, due by note, and to Shaver in the sum of three hundred and seventy-three dollars and sixty cents, and an account in the sum of two hundred and fifty dollars for painting a portrait. The bill alleges that he so absconds or keeps away from Greene • County, or the limits of the State of Tennessee, that the ordinary process of law cannot be served upon him, and prays an attachment, which was issued and' levied on his real estate, on the seventeenth of June, 1865. Publication was ordered in a newspaper. At the November Term, 1865, it appears from the record, three months was allowed the defendant to answer. At the March Rules, 1866, the bill was taken for confessed and set down for hearing. At the May Term, 1866, a final decree was pronounced in the cause.
The decree recites that the said Arnold had fled from the County of Greene, or so absconds or conceals himself that the ordinary process of law cannot be served *366 upon him; that publication had been duly made, &c., &c. A decree was rendered for the debt and costs, and a sale of the property attached, ordered.
On the sixth of February, 1867, the defendant filed his petition for a writ of error coram nobis, which was granted by the Hon. R. R. Butler. The facts set forth in the petition are, substantially, the petitioner was not an absconding debtor. At the time of filing the bill he resided in the State of North Carolina; that he left the County of Greene openly, with the declared intention of leaving the State, in consequence of the distracted and disturbed condition of the country — that said debts are unjust. The debt of David Patterson is payable in bankable currency. The account of Shaver is unjust — that they are both non-residents. The foregoing facts stated in the petition were assigned as errors in fact. At the May Term, 1867, on motion of the complainants, the petition was dismissed; from which the defendant appealed.
This petition was filed under the provisions of the Code, sec. 3110, which provides: “Any one aggrieved by the County, Circuit, or Chancery Courts, by reason of a material error in fact, may reverse the judgment upon the writ of error cor am nobis.” Section 3116 provides the relief embraced by this remedy is confined to errors of fact contained in the proceedings, of which the person seeking relief has had no notice, or which he was prevented by disability from showing or correcting, or to which he was prevented from making defense, by surprise, accident, mistake or fraud, without fault on his part.
*367 From the state of facts presented by this petition, are they sufficient to justify tbe issuance of the writ? The rule settled by this Court, in the case of Crawford vs. Williams, 1 Swan, 341, appears to be, that an error of fact which renders a judgment erroneous, must be such as would have precluded the rendition of such judgment if the fact had judicially appeared at a former trial; that nothing can be assigned as error in fact which appeared and was adjudged in the former suit. This rule, although established before the Code, is not restricted, but is enlarged, and embraces cases of accident, surprise, mistake or fraud, without fault on part of the applicant. Does this case present such a state of facts as brings it within the provisions of the several sections of the Code authorizing the granting the writ.
The petitioner assigned as an error of fact, that he was not an absconding debtor at the time of filing of the bill; but that he was a non-resident, living in the State of North Carolina. In attachment suits, by sec. 3529 of the Code, when the defendant is a non-resident, or has removed himself or property out of the State, the judgment or decree by default, may be set aside upon application of the defendant and good cause shown, within twelve months thereafter, so as to make his defense. By section 3530, all other cases of judgment or decree by default, the defendant cannot deny or put in issue the ground upon which the attachment was issued, but may, within twelve months, commence suit upon the bond. By the provisions of these sections, in a case where the defendant is described in the bill as a non-resident debtor, he may, within twelve *368 months, appear and set aside the judgment on good cause shown. Where the issuance of the attachment is based upon the ground that he is an absconding debtor, he is precluded, and he can only sue on the bond. The error of fact assigned, is, that he was a non-resident, and not an absconding debtor. He seeks to open the decree, to deny or put in issue the grounds upon which the attachment issued, which he is expressly precluded from doing by section 3580, of the Code. There is no ground of accident, surprise or mistake, alleged. He was not before the Court by summons, but by attachment. He w'as not precluded by accident, surprise or mistake, from making a defense.
It is insisted in argument, the record does not show publication was made. If the fact be so, it is an error of law and not of fact. The errors assigned in the petition are all questions that had been passed upon by the Court. If there are errors existing in the record not authorizing the decree, they are errors of law, and not of fact, and can only be revised in a revising tribunal. The errors assigned were all adjudicated in the former suit. The appeal from the decree of the Chancellor in dismissing the petition did not bring to this Court the record of the original suit of Patterson and others against Arnold in the Chancery Court. The object of the writ was to correct the errors of fact. The Court could not look to the errors of law arising upon the record; hence, upon the dismissal of the petition, and the appeal, this Court cannot revise the original decree, but can only look to the matters arising on the petition. The appeal must be taken to apply to only *369 such matters as bave been appealed from, and the appeal in this case only brought up for revisal the action of the Chancellor in dismissing the petition: 1 Coldwell, 590; hence, the original attachment suit not being here by the appeal, we cannot look into the original decree settling the rights of parties.
To do so would authorize the Court upon a writ of error coram nobis to revise its own judgments upon matters of law arising upon the record. This proceeding is confined alone to errors of fact, of which the party was prevented, by accident, surprise, mistake, fraud or want of notice, from making defense. The appeal necessarily brought the record of the original suit to this Court to adjudicate the errors of fact assigned, but for no other purpose. If there are errors of law in that record, the petitioner is entitled to his writ of error, but they cannot be looked to in determining the matters of error assigned in this petition.
It follows, therefore, that there is no error in the decree of the Chancellor dismissing the petition, and it will be affirmed.